UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DREDON DERONTE EDWARD,

     Plaintiff,

v.                                                     Case No.  2:26-cv-579-SPC-NPM

SGT. L. RODRIGUEZ and
OFFICER DAVIS,

     Defendants.

_____/

## **ORDER**

Plaintiff Dredon Deronte Edward, a convicted Florida prisoner in the Charlotte Correctional Institution, sues for federal civil rights violations under 42 U.S.C. § 1983. (Doc. 16.) Edward alleges that correctional officers violated his Eighth Amendment rights when they forced him to sleep for four days without a mat, pillow, or bedroll. (*Id.* at 4.) The Court granted Edward leave to proceed *in forma pauperis* (Doc. 22), and the Amended Complaint is before the Court for initial screening.[1]

Upon review, the Court concludes that his Amended Complaint must be dismissed without prejudice because Edward has not stated a constitutional claim upon which relief may be granted. He may file a second amended complaint if he wishes to proceed.

---

[1] A prisoner proceeding *in forma pauperis* will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a civil action prior to service of process if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Edward alleges that on November 15, 2025, between 5:00 p.m. and 10:00 p.m., Officer Davis entered his cell at the direction of Sergeant L. Rodriguez. (Doc. 16 at 4.) Officer Davis searched Edward's cell and then removed Edward's mat, pillow, and bedroll. (Doc. 16 at 3.) Edward was forced to sleep on "cold hard steel and cold hard concrete for 4 days." (*Id.*) As a result of sleeping without his mat, pillow, and bedroll, Edward suffered pain in his hips and shoulders. (*Id.* at 5.) He also has not been able to sleep "properly" since the incident because it "brought back some traumatic flashbacks of [sexual abuse]." (*Id.*)

Edward alleges that being forced to sleep without his mat, pillow, and bedroll violates his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at 3.) He seeks to recover $50,000 and the cost for any mental therapy he may need. (*Id.* at 5.)

Section 1983 creates a private civil rights cause of action for the deprivation of federal rights by persons acting under color of state law. 42 U.S.C. § 1983. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S.

2

825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. *Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing *Farmer*, 511 U.S. at 834).

To state a plausible claim that conditions of confinement violated the Eighth Amendment, a prisoner must allege that the defendant was deliberately indifferent to conditions that were "sufficiently serious.*" Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004). Conditions of confinement are sufficiently serious to violate the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." *Id.* at 1289. Allegations of mere harsh conditions or verbal threats do not state a plausible claim under the Eighth Amendment. *Id.*

Here, Edward alleges that he was deprived of his mat, pillow, and bedroll and forced to sleep on cold, hard concrete for four days. This alleged deprivation resulted in pain in his hip and shoulders, negatively impacted his sleep, and caused flashbacks. This deprivation does not rise to the level of a constitutional violation. To the extent that Edward was temporarily deprived of his mat, pillow, and bedroll, these allegations indicate mere temporary discomfort and fail to suggest that the conditions of his confinement posed an unreasonable risk of serious injury to his future health or safety. *See e.g., Woodson v. Whitehead*, 673 F. App'x 931, 932 (11th Cir. 2016) ("Confinement without

3

clothing (other than boxers), bedding, or hygienic materials for 72 hours during the months of April and August in Florida is not the type of extreme prison conditions that create a substantial risk of serious harm."); *O'Connor v. Kelly*, 644 F. App'x 928, 932 (11th Cir. 2016) (concluding that prisoner's placement on 72-hour strip-cell status, which required him to sleep on "cold concrete" without a blanket, mattress, or bed, did not violate the Eighth Amendment).

Because this is the first time the Court has described the type of allegations necessary to state an Eighth Amendment claim, Edward shall have an opportunity to amend his Complaint. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018). However, before amending, he should carefully read this Order to determine whether he will be able to state an actionable civil rights claim against any defendant. Any amended complaint will be subject to screening.

Accordingly, it is now **ORDERED**:

1. Edward's Amended Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.

2. Edward must file a second amended complaint **on or before August 17, 2026,** if he wishes to proceed. If he does not timely comply, the Court will dismiss this case without further notice for failure to prosecute. The Clerk is **DIRECTED** to provide Edward a blank 42 U.S.C. § 1983 civil rights complaint form.

4

**DONE AND ORDERED** in Fort Myers, Florida on July 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   All Parties of Record